Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the award, the Full Commission AFFIRMS and ADOPTS from the Opinion and Award of the Deputy Commissioner the following FINDINGS OF FACT:
The following were entered into by the parties at the hearing before the Deputy Commissioner as
STIPULATIONS
1. At the time of the injury giving rise to this claim, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At such time, an employment relationship existed between plaintiff and defendant employer.
3. Hartford Insurance Company was the compensation carrier on the risk.
4. Plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer.
5. Plaintiff's average weekly wage was $631.89, yielding a compensation rate of $390.00 per week.
6. The employer and the insurance carrier paid compensation to plaintiff at the rate of $390.00 per week, for the period beginning November 8, 1990 and continuing until June 15, 1992, pursuant to Industrial Commission Form 21, approved by the Industrial Commission on January 10, 1991.
7. Defendants filed an Industrial Commission Form 24, Application of Employer or Insurance Carrier to Stop Payment of Compensation, dated May 27, 1992, which was approved by the Industrial Commission on June 15, 1992.
8. The medical records concerning plaintiff from E.O. Marsigli, M.D., Nash Orthopedic Associates, P.A., Community Hospital of Rock Mount, Rocky Mount Neurological Consultants, P.A., and Nash General Hospital are stipulated into evidence.
The full commission makes the following additional
FINDINGS OF FACT
1. Plaintiff was born May 17, 1933, and has an eighth grade education.
2. Plaintiff's job history includes working as a mechanic in various factories in the Rocky Mount area following his release from the military in 1955. Plaintiff has no specific vocational training or other skill acquired through experience.
3. On November 7, 1990, plaintiff was employed by defendant-employer as a mechanic. On November 7, 1990, plaintiff sustained an injury by accident arising out of in the course of his employment with defendant-employer when a large press fell against him. As a result, plaintiff sustained a crush and laceration of his left heel, and an injury to his knee.
4. As a result of his injury plaintiff sustained chronic osteomyelitis in his left heel. Osteomyelitis is an infection in the bone which cannot be cured, but can be controlled with antibiotics.
5. As a result of his injury plaintiff will continue to have episodes in which his heel will become swollen and painful. He is likely to have periodic infections and drainage from the wound when there is active infection in the bone. The episodes of inflammation will continue to occur, but the frequency should decrease over time. Plaintiff is subject to reoccurrence of infection in his heel for the rest of his life.
6. The episodes of infection in plaintiff's left heel are treated with the antibiotic Cipro. During episodes of infection, plaintiff is taken off his feet until the pain, draining, and swelling subsides.
7. As a result of his injury plaintiff has a fifty (50) percent permanent partial disability of his left foot.
8. Plaintiff also sustained a torn meniscus as a result of his injury. Dr. Marsigli performed arthroscopic surgery on plaintiff's knee on April 18, 1991 to correct this problem.
9. Plaintiff has a twenty (20) percent permanent partial disability of his left knee.
10. As a result of his injury plaintiff also sustained or aggravated a herniated disc at the C5-C6 level, which caused plaintiff pain in his neck and numbness in the fourth and fifth digits of the left hand, which was consistent with radiculopathy down the ulnar nerve of his left arm. Dr. Nelson T. Macedo, a neurosurgeon, performed an anterior cervical disketomy, with fusion, on plaintiff's neck on February 22, 1991.
11. As a result of his injury plaintiff has a five (5) percent permanent partial disability of his back.
12. Plaintiff has rotator cuff tendonitis in the left shoulder with a partial tear in the rotator cuff, which is unrelated to his injury.
13. As a result of his injury plaintiff is restricted from lifting not more than 15 to 30 pounds on a regular basis.
14. Plaintiff's former employment required that plaintiff stand for six hours per day, and walk two hours per day. Plaintiff was required to lift weights in excess of 50 pounds and to push and pull, climb, crawl, and work at heights. Plaintiff's residual functional capacity is not sufficient to permit plaintiff to return to his former employment as a mechanic or to work as a mechanic's helper.
15. On May 19, 1992, defendant-employer offered plaintiff employment as a "nail pusher" in the finishing department on a four hour per day basis. This job would require plaintiff to insert two plastic pins into a rubber strip, approximately eight inches long, and place the strip in a storage bin. Plaintiff would have a ten minute break every two hours, and could sit or stand at his discretion. This employment was specifically created for plaintiff. These sole job duties were not available to any other person applying for employment with defendant-employer.
16. The "nail pusher" job, with accommodations that defendant-employer would make for plaintiff, is not a job ordinarily available for defendant-employer or in the open and competitive labor market.
17. As a result of plaintiff's compensable injury by accident on November 7, 1990, age, level of education, work experience, fifty (50) percent permanent partial disability to his left foot, five (5) percent permanent partial disability of his back, twenty (20) percent permanent partial disability of his left knee, tear in the rotator cuff of his left shoulder, and work restrictions, plaintiff has been incapable of earning wages with defendant-employer or in any other employment since June 15, 1992.
18. As a result of plaintiff's compensable injury by accident on November 7, 1990, age, level of education, work experience, fifty (50) percent permanent partial disability to his left foot, five (5) percent permanent partial disability of his back, twenty (20) percent permanent partial disability of his left knee, tear in the rotator cuff of his left shoulder, and work restrictions, plaintiff remains totally and permanently incapable of earning wages with defendant-employer or in any other employment.
19. As a result of plaintiff's compensable injury by accident on November 7, 1990, age, level of education, work experience, fifty (50) percent permanent partial disability to his left foot, five (5) percent permanent partial disability of his back, twenty (20) percent permanent partial disability of his left knee, tear in the rotator cuff of his left shoulder, and work restrictions, plaintiff may require continuing medical care in order to effect a cure, or give relief, and lessen that plaintiff's period of disability.
20. Industrial Commission Form 24, Application of Employer or Insurance Carrier to Stop Payment of Compensation, was approved by the Industrial Commission on June 15, 1992, based on the allegation that plaintiff failed to return to work on May 20, 1992 to light duty which was offered per Dr. Marsigli's guidelines. At the time, however, plaintiff was incapable of earning wages with defendant-employer or in any other employment.
* * * * * * * * * * *
Based on the foregoing findings of fact, the Full Commission makes the following additional
CONCLUSIONS OF LAW
1. As a result of plaintiff's compensable injury on November 7, 1990, age, level of education, work experience, fifty (50) percent permanent partial disability to his left foot, five (5) percent permanent partial disability of his back, twenty (20) percent permanent partial disability of his left knee, tear in the rotator cuff of his left shoulder, and work restrictions, plaintiff is totally and permanently disabled and is entitled to compensation at the weekly rate of $390.00 per week, beginning June 15, 1992 for the remainder of plaintiff's life or until defendants obtain permission from the Industrial Commission to cease payment of total and permanent disability compensation, whichever, first occurs. N.C.G.S. § 97-29; see, Peoples v. ConeMills Corp., 316 N.C. 426, 342 S.E.2d 798 (1986).
2. As a result of his compensable injury of November 7, 1990, plaintiff is entitled to the reasonable and necessary nursing services, medicines, sick travel, medical, hospital, and other treatment or care or rehabilitative services during plaintiff's lifetime. N.C.G.S. §§ 97-29 and 97-25.
3. Industrial Commission Form 24, Application of Employer or Insurance Carrier to Stop Payment of Compensation, dated May 27, 1992, was improvidently approved by the Industrial Commission on June 15, 1992. See, Rule 404, Worker's Compensation Rules ofthe North Carolina Industrial Commission.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following
AWARD
1. Defendants shall pay total and permanent disability compensation for the remainder of plaintiff's life or until defendants obtain permission from the Industrial Commission to cease payment of compensation, whichever first occurs, at the rate of $390.00 per week, beginning June 15, 992. Amounts which have accrued shall be paid to plaintiff in a lump sum, subject to the attorney fee hereinafter approved.
2. Defendants shall pay all continuing and necessary nursing services, medicines, sick travel, medical, hospital, or other treatment or care or other rehabilitative services which result from plaintiff's compensable injury on November 7, 1990, when bills for the same shall have been submitted through defendants to the Industrial Commission, and approved by the Industrial Commission.
3. A reasonable attorney fee of twenty-five (25) percent of the compensation due plaintiff under Paragraph 1 of this AWARD is approved for plaintiff's counsel and shall be paid as follows: twenty-five (25) percent of lump sum due plaintiff shall be deducted from that sum and paid directly to plaintiff's counsel. Thereafter, every fourth compensation check shall be deducted from the sum due plaintiff and paid directly to plaintiff's counsel. Consideration and designation of this attorney fee contemplates that counsel for the plaintiff shall continue and is hereby ORDERED to monitor the submission of medical expenses to defendants.
ORDER
1. Based on the foregoing Findings of Facts and Conclusions of Law, the approval of June 15, 1992 of Industrial Commission Form 24, Application of Employer or Insurance Carrier to Stop Payment of Compensation, dated May 27, 1992, in the above captioned matter was improvidently granted. IT IS THEREFORE ORDERED that the approval dated June 15, 1992 of the Industrial Commission Form 24 is RESCINDED and the application is DENIED.
2. Defendants shall pay the costs.
 S/ _____________________ J. RANDOLPH WARD COMMISSIONER
CONCURRING:
S/ _____________________ J. HOWARD BUNN CHAIRMAN
S/ _____________________ ROGER DILLARD DEPUTY COMMISSIONER
JRW/rch